UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARK C. STEVENSON,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :     No. 3:22-cv-601 (JBA) |
| CHRISTINE E. WORMUTH,<br>Secretary of the Army,<br>    *Defendant*. | :<br>:     November 15, 2022<br>:<br>: |

**MEMORANDUM IN SUPPORT OF MOTION FOR REMAND**

Defendant Christine Wormuth, Secretary of the Army, respectfully requests that the Court permit the Army to voluntarily remand the claims of plaintiff Mark Stevenson to the Army Board for Correction of Military Records ("ABCMR") so that it can better articulate its rationale regarding three Department of Defense ("DOD") Memoranda (the 2014 Hagel Memorandum, the 2017 Kurta Memorandum, and the 2018 Wilkie Memorandum), consider (for the first time) the alleged application of Section 504 of the Rehabilitation Act to plaintiff's claims, and consider new evidence plaintiff may wish to submit to the ABCMR. Plaintiff contends that the ABCMR must give "liberal consideration" to his request for relief due to his alcohol use disorder and opioid use disorder, and that its failure to do so violated the APA, the Rehabilitation Act, and the Constitution. He asks that the "other than honorable" characterization of his discharge, which he accepted in lieu of a court martial, be upgraded to "general, under honorable conditions" or "honorable."

As explained below, the ABCMR's decision not to provide plaintiff an upgrade in the characterization of his discharge was silent respecting the reason the Army does not consider substance use disorders ("SUD") such as alcohol use disorder or opioid use disorder to be a "mental health condition" under the DOD's Hagel and Kurta Memoranda. Neither did the

ABCMR's decision address the Rehabilitation Act, as plaintiff did not raise that claim to the ABCMR. Finally, the ABCMR did not have before it two reports that plaintiff describes in his amended complaint. The proposed voluntary remand would enable the ABCMR to fully develop the administrative record.

## BACKGROUND

**I.      Statutory and Regulatory Background**

Congress has created a comprehensive and exclusive system for former members of the armed forces to correct errors in their military records. *See* 10 U.S.C. §§ 1551-1559. Under this system, each Secretary of a military department has the discretion to correct a military record "when the Secretary considers it necessary to correct an error or remove an injustice." 10 U.S.C. § 1552(a)(1). Congress has mandated that these record-correction determinations "shall be made under procedures established by the Secretary concerned." *Id.* § 1552(a)(3); *see also Dumas v. President of U.S.*, 554 F. Supp. 10, 16 (D. Conn. 1982) (analyzing administrative procedure required by 10 U.S.C. § 1552(a)). Generally, such corrections "shall be made by the Secretary acting through boards of civilians of the executive part of that military department . . . ." 10 U.S.C. § 1552(a)(3). Pursuant to this statutory authority, the Secretary of the Army has established the ABCMR to correct errors in, or remove injustices from, the records of current and former members of the Army. *See* Army Regulation 15-185, "Army Board for Correction of Military Records."

While the Department of Defense guidance directs the ABCMR to "fully and carefully consider every petition based on PTSD," it "is not intended to interfere with or impede the Board's statutory independence to correct errors or remove injustices through the correction of military records." Sec'y of Def., *Mem. for Secretaries of the Military Departments,*

*Supplemental Guidance to Military Boards for Correction of Military / Naval Records Considering Discharge Upgrade Requests by Veterans Claiming Post Traumatic Stress Disorder* at 1 (Sept. 3, 2014) (the "Hagel Memorandum").[1]  The guidance directs that the ABCMR follow a comprehensive procedure, but does not direct an outcome:  the "liberal consideration" given to petitions "does not mandate an upgrade."  Sec'y of Def., *Mem. for Secretaries of the Military Departments, Clarifying Guidance to Military Discharge Review Boards And Boards for Correction of Military / Naval Records Considering Requests by Veterans for Modification of their Discharge Due to Mental Health Conditions, Sexual Assault, or Sexual Harassment* at 4 ¶ k (Aug. 25, 2017) (the "Kurta Memorandum").[2]  *See also Myles v. United States*, No. 21-1618C, 2022 WL 2296767, at *9 (Fed. Cl. June 24, 2022).

## II.     Standard of Review

With respect to the underlying merits of plaintiff's complaint, the scope of review of decisions made by the military is especially confined.  When reviewing a military decision pursuant to Section 706 of the APA, a court must afford the decision "increased deference." *Falk v. Sec'y of the Army*, 870 F.2d 941, 945 (2d Cir. 1989).  Because Article III of the Constitution does not contain a "textual commitment to judicial supervision of military decisions," *id.*, and because the military is a "'separate community' from civilian society," *id.* (quoting *Orloff v. Willoughby*, 345 U.S. 83, 94 (1953)), "judicial deference in the

---

[1] *At* https://arba.army.pentagon.mil/documents/Hagel20140903DischargeUpgPTSD.pdf.

[2] *At* https://arba.army.pentagon.mil/documents/Kurta20170825DischargeModBH-SAH.pdf.  For completeness, defendant formally identifies the third memorandum relevant to plaintiff's application and complaint, the Wilkie Memorandum.  Sec'y of Def., *Mem. for Secretaries of the Military Departments, Guidance to Military Discharge Review Boards and Boards for Correction of Military / Naval Records Regarding Equity, Injustice, or Clemency Determinations* (July 25, 2018) (the "Wilkie Memorandum"), *at* https://arba.army.pentagon.mil/documents/Wilke20180725JusticeEquityClemency.pdf.

military context 'is greater than [in] any other area,'" *id.* (quoting *Chappell v. Wallace,* 462 U.S. 296, 301 (1983)). *See also Cone v. Caldera*, 223 F.3d 789, 793 (D.C. Cir. 2000) (holding courts review the decisions of military corrections boards "under an unusually deferential application of the arbitrary or capricious standard" of the APA); *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1514 (D.C. Cir. 1989).

With respect to the standard of review for motions to remand, "courts have long recognized the propriety of voluntarily remanding a challenged agency action without judicial consideration of the merits upon an admission of agency error." *Carpenters Indus. Council v. Salazar*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010). Administrative agencies have the inherent power to reconsider their own decisions. "It is widely accepted that an agency may, on its own initiative, reconsider its . . . final decisions, regardless of whether the applicable statute and agency regulations expressly provide for such review." *Dun & Bradstreet Corp. Found. v. U.S. Postal Serv.*, 946 F.2d 189, 193 (2d Cir. 1991) (collecting cases); *see also Chao v. Russell P. Le Frois Builder*, 291 F.3d 219, 229 n.9 (2d Cir. 2002); *Lute v. Singer Co.*, 678 F.2d 844, 846 (9th Cir. 1982); *Trujillo v. General Electric Co.*, 621 F.2d 1084, 1086 (10th Cir. 1980); *Sierra Club v. Van Antwerp*, 560 F. Supp. 2d 21, 23 (D.D.C. 2008) ("It is undisputed that administrative agencies have an inherent authority to reconsider their own decisions, since the power to decide in the first instance carries with it the power to reconsider.") (cleaned up).

Courts have the discretion to remand an agency decision when an agency has raised "substantial and legitimate" concerns in support of remand. *Carpenters Indus. Council*, 734 F. Supp. 2d at 132 (citing *Sierra Club*, 560 F. Supp. 2d at 23 (collecting cases)).

Voluntary remand promotes judicial economy by allowing agencies to "cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both

sides acknowledge to be incorrect or incomplete." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) (ordering voluntarily remand consistent with agency's motion). As set forth below, voluntary remand is appropriate for plaintiff's claim in this case.

### III.   Factual and Procedural Background

Plaintiff filed his complaint on April 27, 2022, and an amended complaint on July 22, 2022. Complaint, Doc. #1; Amended Complaint, Doc. #19. The amended complaint pleads two causes of action: Claim I pursuant to the Administrative Procedure Act, 5 U.S.C. § 706, Am. Compl. ¶¶ 143-174; and Claim II pursuant to the Fifth Amendment of the Constitution, *id.* ¶¶ 175-187.

The APA claim itself advances five bases for relief, claiming that the ABCMR's decision violated:

- APA § 706(2)(A) ("arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"), Am. Compl. ¶¶ 145-55;

- APA § 706(2)(B) (constitutional rights), Am. Compl. ¶¶ 156-57;

- APA § 706(2)(C) ("in excess of statutory jurisdiction, authority, or limitations, or short of statutory right"), Am. Compl. ¶¶ 158-62;

- Section 504 of the Rehabilitation Act, via APA § 706(2)(A) & (C), Am. Compl. ¶¶ 163-70;

- Department of Defense regulations implementing the Rehabilitation Act, via APA § 706(2)(A) & (C), Am. Compl. ¶¶ 171-74.[3]

Plaintiff seeks injunctive and other relief, including asking the Court: (1) to issue broad injunction—apparently not limited to plaintiff's administrative proceedings—requiring the ABCMR to "extent liberal consideration" to (presumably any and all) "applications for discharge

---

[3] The defendant disagrees that at least some of plaintiff's legal theories present cognizable claims for relief and plans to brief those arguments if and/or when it responds in Court to the merits of plaintiff's claims, *i.e.*, in a cross-motion for summary judgment.

5

relief based in whole or in part on matters relating to" SUD; (2) order the ABCMR to upgrade plaintiff's characterization of service ("discharge status") to Honorable[4]; (3) order that plaintiff's "narrative reason for separation be adjusted"; (4) award attorneys' fees and costs; and (5) any other just and proper relief. *Id.* at 30. Defendant filed the certified administrative record on July 6, 2022, Doc. #16, and answered on August 22, 2022, Doc. #21.

The following facts are stipulated and undisputed; they are taken from plaintiff's factual allegations and defendant's corresponding admissions. Plaintiff enlisted in the Army Reserves on April 25, 1977 with a six-year commitment, and he changed his status to active duty on June 7, 1977 with a four-year commitment. Am. Compl. ¶ 1 & 50; Ans. ¶ 1 & 50. After he completed training, his first duty station was in Germany. Am. Compl. ¶ 1; Ans. ¶ 1. Plaintiff deployed to Germany in October 1977 as a vehicle mechanic. Am. Compl. ¶ 53; Ans. ¶ 53. During his time in the Army, plaintiff was absent without official leave on at least three occasions. Am. Compl. ¶ 6; Ans. ¶ 6. Plaintiff was discharged with an "Other than Honorable" characterization of service. Am. Compl. ¶ 2; Ans. ¶ 2. Plaintiff is now more than forty years older than he was when he enlisted. Am. Compl. ¶ 7; Ans. ¶ 7. Plaintiff submitted a petition to the ABCMR in 2020 asking that his characterization of service be upgraded. Am. Compl. ¶ 2 & 10; Ans. ¶ 2 & 10. The ABCMR denied plaintiff's requested relief on December 8, 2021. Am. Compl. ¶ 2 & 11; Ans. ¶ 2 & 11; Administrative Record ("AR") 2-17 (decision).

---

[4] *But see Bradley v. Spencer*, No. 3:17-cv-495 (RNC), 2019 WL 1567838, at *4 (D. Conn. Apr. 11, 2019) ("The scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency.") (quoting *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983)).

The district court "ha[s] no jurisdiction to order specific relief," *Berge v. United States*, 949 F. Supp. 2d 36, 42 (D.D.C. 2013), and "[a]ny remand must be consistent with the statutory scheme under which the agency has taken action," *Richey v. United States*, 322 F.3d 1317, 1323 (Fed. Cir. 2003).

The amended complaint contained two specific allegations that are pertinent to this motion. Paragraph 66 alleges that "A Department of Defense report from the 1970s . . . documents extensive discrimination in the military in the era in which Stevenson served." Am. Compl. ¶ 66. Paragraph 67 alleges that "A separate U.S. Army Research Institute report tracked a 'trend of a slowly worsening racial climate' from 1976 to 1978 among Army units in Germany in particular. Incidents of racial violence doubled from 1977 to 1978, and organizations like the Ku Klux Klan were active on the Army bases in Germany." *Id.* ¶ 67. Defendant made the same response to both paragraphs: "Defendant is without sufficient knowledge to respond to this paragraph. The alleged report is not identified or cited by title, date, or author; it is not attached to the complaint; nor does it appear in the administrative record (*i.e.*, it does not appear that plaintiff submitted it to the ABCMR with his application)." Ans. ¶¶ 66-67.

Plaintiff moved for summary judgment on September 30, 2022. Mem. in Supp. of Pl.'s Mot. for Summ. J., Doc. #25 ("Pl. Mem."). Plaintiff's summary judgment motion argues that: (I) the "ABCMR's refusal to extend liberal consideration to Mr. Stevenson's Substance Use Disorder under the Kurta Memo is arbitrary and capricious," violating § 706(2)(A), Pl. Mem. at 13-25; (II) the ABCMR violated plaintiff's statutory rights under Section 504 of the Rehabilitation Act, violating § 706(2 (C), Pl. Mem. at 25-32; and (III) the ABCMR violated plaintiff's Fifth Amendment rights, Pl. Mem. at 32-27.

In the second (II) argument, with respect to Section 504 of the Rehabilitation Act, specifically, plaintiff argues that ABCMR discriminated against him because of his SUD "by denying him the liberal consideration afforded to veterans with other mental health conditions." *Id.* 25-30. Additionally, plaintiff argues that applicants claiming SUD are unlawfully denied "adequate access to the discharge upgrade process" by the ABCMR. *Id.* 30-32.

7

Plaintiff's brief closes by arguing that the Court has authority to order the various forms of injunctive relief requested,[5] and asks the Court to exercise that purported authority. Pl. Mem. 38-40. The brief appears to request relief beyond what plaintiff's amended complaint sought, including, *e.g.*, asking the Court to require that the ABCMR find plaintiff's "SUD existed at the time of service" and that his "SUD explains and helps mitigate the AWOLs that led to his discharge."[6] Pl. Mem. 39.

## ARGUMENT

IV. **The Court should exercise its discretion to permit voluntary remand to the ABCMR.**

   A. **Numerous factors favor remand.**

The Supreme Court has explained that "it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based." *McKart v. United States*, 395 U.S. 185, 194-95 (1969). Since "agency decisions are frequently of a discretionary

---

[5] Defendant notes that plaintiff's summary judgment motion misquotes the APA with respect to authority it grants the Court. *See* Pl. Mem. 38. The APA authorizes a Court to "compel agency action **unlawfully withheld or unreasonably delayed**," pursuant to § 706(1) (emphasis added). Plaintiff's brief omits the bolded text and substitutes the phrase "**unlawfully denied**." Pl. Mem. 38. That language does not appear in APA § 706(1). Even if it did, plaintiff did not plead a § 706(1) claim, *i.e.*, he does not (and cannot) claim that the agency "withheld" or "unreasonably delayed" a decision with respect to his upgrade application. *See* AR 2-17 (decision); *see also Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 64 (2004) (holding that § 706(1) empowers a court to compel an agency to perform a "ministerial or non-discretionary act" that "it [was] required to take"). Rather, plaintiff disagrees that the decision made was lawful. This is a classic § 706(2) claim; and indeed, a violation of § 706(2) is what plaintiff plead. However, § 706(2) does not permit a Court to "compel an agency decision"; that language is in § 706(1). Under § 706(2), the court can only "hold unlawful and set aside agency action," § 706(a)(2)(A), *i.e.*, "remand the case to the agency." *Ward v. Brown*, 22 F.3d 516, 522 (2d Cir. 1994). Here, defendant seeks a voluntary remand.

[6] *But see Bradley*, 2019 WL 1567838, at *4 (holding "the Court cannot direct the [Board for Correction of Naval Records ("BCNR")] to make a particular evidentiary finding" on remand). The APA does not give the Court "unlimited authority to require subordinate bodies to conduct investigations and find facts." *Richey*, 322 F.3d at 1323.

8

nature or frequently require expertise, the agency should be given the first chance to exercise that discretion or to apply that expertise." *Id.* "A complaining party may be successful in vindicating his rights in the administrative process. If he is required to pursue his administrative remedies, the courts may never have to intervene." *Id.*; *see also Nat'l Nutritional Foods Ass'n v. FDA*, 504 F.2d 761, 798 & n.65 (2d Cir. 1974) (remanding to the agency because it was possible agency would come to a different conclusion); *Bradley*, 2019 WL 1567838, at *2 (granting motion for voluntary remand).[7]

Here, various factors support a remand. Most notably, the agency agrees that its decision did not consider all the relevant factors raised in plaintiff's amended complaint and briefing. "If the agency has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985); *Brodsky v. United States Nuclear Regul. Comm'n*, 704 F.3d 113, 123 (2d Cir. 2013) ("[W]e think it best not to guess at the agency's reasons, but to remand for the agency to supplement the record so that it may explain its denial . . . .").

First, the Army has never considered the application of Section 504 of the Rehabilitation Act to applications for discharge upgrades to the ABCMR. This is because plaintiff never argued to the ABCMR that he was a person with a disability who was seeking access to a federal

---

[7] Plaintiff's brief misstates that the ruling and order in *Bradley* **vacated** the decision of the BCNR that denied plaintiff's upgrade request, while remanding the case to the agency. Pl. Mem. 42. The Court in *Bradley* **did not vacate** the BCNR's decision—even though the BCNR's motion for voluntary remand had admitted error in the administrative process. *Bradley*, 2019 WL 1567838, at *2. Rather, in *Bradley*, the Court granted the defendant's motion for voluntary remand over the plaintiff's opposition. *Id.* at *3. The Court entered judgment and closed the case. *See Bradley*, 3:17-cv-495, Doc. #34 (Apr. 11, 2019) & Apr. 24, 2019 docket entry. The agency later came to a different conclusion respecting the plaintiff's application. *Id.* Notice by K. Bradley, Doc. #35 (Jan. 9, 2020).

program. *See* AR 28-29 (application to ABCMR) & 30-68 (brief to ABCMR). Instead, plaintiff raised that argument for the first time in his federal court complaint and summary judgment briefing. Thus, the defendant has never had an opportunity through its administrative process to consider plaintiff's claim. Plaintiff may argue that his application and briefing did not raise the issue because it the issue was not yet before him; the ABCMR had not yet issued its decision regarding whether it would afford liberal consideration to plaintiff's SUD. The argument is a straw man. While it explains why Section 504 was not raised administratively, it does not change that the agency has not yet considered the issue through its administrative process. The APA favors agencies having the first opportunity (before the judiciary) to decide legal and factual issues. "The reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own conclusions based on such an inquiry." *Fla. Power & Light Co.* at 744. The Court could rely on this factor alone to order remand.

Another factor favoring remand is that the agency has a substantial interest in explaining its position on liberal consideration and SUD. Voluntary remand is appropriate where, as here, the Army has raised a "substantial and legitimate" concern in support of remand. *See Carpenters Indus. Council*, 734 F. Supp. 2d at 132. The ABCMR noted in its decisional document that liberal consideration is not given in cases solely involving SUD, but did not provide a detailed analysis of this question. Allowing the agency the opportunity to do so too weighs in favor of remand.

Voluntary remand also is appropriate when new evidence becomes available. *Ethyl Corp.*, 989 F.2d at 523-24. Here, defendant will permit plaintiff to present new evidence if the case is remanded to the ABCMR. Specifically, defendant's pleadings demonstrate that the reports plaintiff described in paragraphs 66 and 67 of the amended complaint are not available to

the ABCMR. *See* Am. Compl. ¶¶ 66-67 (describing reports without citation); Ans. ¶¶ 66-67 ("Defendant is without sufficient knowledge to respond to this paragraph. The alleged report is not identified or cited by title, date, or author; it is not attached to the complaint; nor does it appear in the administrative record (*i.e.*, it does not appear that plaintiff submitted it to the ABCMR with his application)."). Such evidence and argument submitted on remand will be new to the ABCMR.

Finally, "an agency may request a remand (without confessing error) in order to reconsider its previous position." *SKF USA, Inc. v. United States*, 254 F.3d 1022, 1028-29 (Fed. Cir. 2001). "Even in the absence of intervening events, upon an agency's remand request, the reviewing court still has discretion over whether to remand." *Sierra Club*, 560 F. Supp. 2d at 23; *see also Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir.1962) (stating that an agency wishing to reconsider its action should move the court to remand or hold the case in abeyance pending the agency's reconsideration). Remand in this case will allow the Army to reconsider its decision respecting plaintiff's application for upgrade.

> **B.     Plaintiff has alleged no factors that allow the court to refuse a request for voluntary remand.**

A court may refuse an agency's request for voluntary remand if the request is frivolous or in bad faith. *See, e.g., SKF USA Inc.*, 254 F.3d at 1029 (describing *Lutheran Church–Missouri Synod v. Fed. Comms. Comm'n*, 141 F.3d 344, 349 (D.C. Cir. 1998) for refusal to grant agency's "novel, last second motion to remand"); *NLRB v. Am. Geri-Care, Inc.*, 697 F.2d 56, 64 (2d Cir. 1982). These circumstances are not present here.

First, the request for voluntary remand has been timely made, in the exercise of due diligence as defendant prepared its substantive defense to the merits of plaintiff's amended complaint and his arguments in support of summary judgment. Defendant realized the omissions

11

and promptly made this motion; defendant has not yet submitted any substantive briefing on the issue and the Court has not held argument.

Second, the government's request for remand is not frivolous and is made in good faith. Defendant has identified both legal concepts and evidentiary issues that it intends to address on remand. Plaintiff has not alleged—because he cannot—any bad faith. The ABCMR is comprised of civilian employees of the Department of the Army who serve on the Board as an additional duty. Army Regulation 15-185, "Army Board for Correction of Military Records," ¶ 2-1. There is no requirement that Board members be lawyers or judges or otherwise have advanced legal training. As such, a lack of detailed legal analysis regarding the application of the liberal consideration standard is not evidence of bad faith.[8] No other factors weigh against remand under the circumstances.

### C. Remand will avoid a merits decision on an incomplete record and will promote judicial economy.

The Army now requests remand so that the ABCMR has the opportunity to voluntarily reconsider plaintiff's application. Remand will permit the ABCMR and Army to fully develop the substantive administrative record, rather than asking this Court to reach a decision on the merits without the benefit of considering the agency's fulsome rationale. "If the agency has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation **or explanation**." *Fla. Power & Light Co.*, 470 U.S. at 744 (emphasis added). As the Supreme Court noted, the "reviewing court is not generally empowered to conduct a *de novo* inquiry into the matter being reviewed and to reach its own

---

[8] Indeed, "[t]he Board's decision need not be a model of analytic precision to survive a challenge. A reviewing court will uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Hill v. Geren*, 597 F. Supp. 2d 23, 28 (D.D.C. 2009) (cleaned up; reviewing ABCMR denial of upgrade application).

12

conclusions based on such an inquiry." *Id.* In *Citizens Against Pellissippi Parkway Extension v. Mineta*, the court recognized that remand promotes judicial efficiency even in the absence of allegations of new evidence or a change in the law. *See Citizens Against Pellissippi Parkway Extension*, 375 F.3d 412, 417 (6th Cir. 2004).

In *Citizens Against Pellissippi Parkway Extension*, the Sixth Circuit reversed the district court's decision denying the agency's motion to remand. *Id.* at 416-18. The court ruled it was "an abuse of [the district court's] discretion to prevent an agency from acting to cure the very legal defects asserted by plaintiffs challenging federal action." *Id.* As the court explained, if courts refuse an agency's request to remand, "judicial review is turned into a game in which an agency is 'punished' for procedural omissions by being forced to defend them well after the agency has decided to reconsider." *Id.*

Remand in this case will promote judicial economy because the ABCMR, not the Court, will first address plaintiff's allegations respecting Section 504 of the Rehabilitation Act, SUD, and liberal consideration. *See McKart*, 395 U.S. at 194-95 ("it is normally desirable to let the agency develop the necessary factual background upon which decisions should be based . . . [and] the courts may never have to intervene").

## CONCLUSION

In light of the foregoing, the Army respectfully requests that the Court grant the agency's motion for voluntary remand, dismiss the case, and enter judgment, as did the court in *Bradley*, 2019 WL 1567838. In the alternative, the defendant requests that the Court (1) remand the matter; (2) retain jurisdiction over the case on remand; and (3) stay this action pending the resolution of the remand proceeding. If the Court grants the remand and retains jurisdiction, given the ABCMR's current backlog and processing times, the Army requests that the Court give

the ABCMR at least 180 days—after the date when plaintiff submits any additional documentation or briefing or otherwise notifies the ABCMR that no additional information will be provided—to issue a new decision.

Accordingly, the Defendant Secretary of the Army requests that the Court voluntarily remand plaintiff's claims to the Army Board for Correction of Military Records.

> Respectfully submitted,
>
> VANESSA ROBERTS AVERY
> UNITED STATES ATTORNEY
>
> */s/ Natalie N. Elicker*
> Natalie N. Elicker, ct28458
> Assistant United States Attorney
> 157 Church Street
> New Haven, CT 06510
> Telephone: (203) 821-3700
> Fax: (203) 773-5373
> E-mail: Natalie.Elicker@usdoj.gov