UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| MARK C. STEVENSON,<br>*Plaintiff*, | : | |
| | : | |
| v. | : | No. 3:22-cv-601 (JBA) |
| | : | |
| CHRISTINE E. WORMUTH,<br>Secretary of the Army,<br>*Defendant*. | :<br>:<br>: | December 6, 2022 |

## REPLY IN SUPPORT OF MOTION TO STAY
## SUMMARY JUDGMENT BRIEFING SCHEDULE

Defendant Christine Wormuth, Secretary of the Army, respectfully files a reply brief in support of her motion to stay the briefing schedule respecting summary judgment, in response to plaintiff's opposition brief, ECF No. 31.

Plaintiff's opposition elevates form over substance. Plaintiff argues that, by moving to remand on November 15, 2022, defendant waived her opportunity to respond to plaintiff's motion for summary judgment and to cross-move for summary judgment. *See* Opp. to Mot. to Stay Briefing Schedule Re. Mots. for Summ. J. at 3-7, ECF No. 31 ("Opp."). In support of this position, plaintiff cites the Federal Rules of Civil Procedure. But plaintiff does not explain how his use of the procedural rules is consistent with Fed. R. Civ. P. 1, which requires that the rules "be construed, administered, and employed by the court and the parties to secure the **just, speedy, and inexpensive** determination of every action and proceeding." Voluntary remand promotes judicial economy by allowing agencies to "cure their own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete." *Ethyl Corp. v. Browner*, 989 F.2d 522, 524 (D.C. Cir. 1993) (ordering voluntarily remand consistent with agency's motion). Plaintiff's brief appears to seek a ruling on the merits from the Court—either in the absence of a "waived" response by defendants, or after

an additional round of briefing—which, in the words of the Supreme Court, would be "wasting the courts' and the parties' resources." *Id.*

Defendant's position respecting continued summary judgment briefing is subsumed in its position respecting remand—the latter is necessary because the administrative record is not sufficiently developed to determine the action on the merits. It will be more **just, speedy, and inexpensive** to the parties **and the Court** if the Court permits the agency a voluntary remand and the opportunity to develop the record, before addressing the merits of plaintiff's arguments. If the Court requires defendant to respond to the motion for summary judgment, its response likely will only repeat that position, but in a different procedural vehicle. It is unclear to the defendant how requiring the defendant to repeat the same argument in two different filings is efficient and economic use of resources. Against this backdrop, the Court has the discretion to stay the briefing scheduling respecting summary judgment. Defendant has argued such a stay is warranted.

The defendant here is not required to follow the same strategic decision as the defendants in *Kennedy v. Speer*, No. 3:16-cv-2010 (WWE) (D. Conn.) and *Monk v. Mabus*, No. 3:14-cv-260 (WWE) (D. Conn.), *see* Opp. at 6, to simultaneously move for remand and to dismiss and/or for summary judgment. Defendant here has not argued that such simultaneous briefing is **never** possible or preferable; only that it is inappropriate here. *See Fla. Power & Light Co.*, 470 U.S. at 744 ("If the agency has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation."); *Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *Nat'l Audubon Soc. v. Hoffman*, 132 F.3d 7, 14, 18-19 (2d Cir. 1997) ("Because the question . . . is one that the [agency] must decide, the appropriate remedy is to remand the case to

2

the agency to correct the deficiencies in the record and in its analysis."). Requiring simultaneous briefing **here** would not lead to the **just, speedy, and inexpensive** determination of this matter. *See* Fed. R. Civ. P. 1.

Regarding Rule 56, defendant has not found, and plaintiff did not cite, any case that requires a federal agency seeking voluntary remand to file a Rule 56(d)(1) affidavit. Plaintiff's argument respecting Fed. R. Civ. P. 56(d)(1) therefore fails. *See* Opp. at 4-5.

Even if plaintiff's opposition brief has identified ways in which defendant could have anticipated plaintiff's objection and been more prophylactic in its briefing respecting the scheduling order, plaintiff has not shown that a merits ruling on the specific procedural vehicle previously anticipated—a motion for summary judgment—is critical to the **just, speedy, and inexpensive** determination of this matter. Defendant respectfully submits that, if the Court grants the pending motion to remand, the case will be moot; and if the Court denies the motion, it will circumscribe the evidence and arguments that the defendant will use respecting summary judgment. Accordingly, it is just for the Court to first rule on the motion to remand before requiring full briefing on summary judgment.

For the foregoing reasons, defendant respectfully requests a stay of the summary judgment briefing schedule.

                                              Respectfully submitted,

                                              VANESSA ROBERTS AVERY
                                              UNITED STATES ATTORNEY

                                              */s/ Natalie N. Elicker*
                                              Natalie N. Elicker, ct28458
                                              Assistant United States Attorney
                                              157 Church Street
                                              New Haven, CT 06510
                                              Telephone: (203) 821-3700
                                              Fax: (203) 773-5373
                                              E-mail: Natalie.Elicker@usdoj.gov