# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| MARK C. STEVENSON | ) | Civ. No. 3:22-cv-00601-JBA |
|  | ) |  |
| *Plaintiff*, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| CHRISTINE E. WORMUTH, | ) |  |
| Secretary of the Army, | ) |  |
|  | ) | December 6, 2022 |
| *Defendant*. | ) |  |

## <u>PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR REMAND</u>

<u>/s/</u> *Meghan E. Brooks*
Kathryn Bussey, Law Student Intern
Joshua Herman, Law Student Intern
Miriam Pierson, Law Student Intern
Dena Shata, Law Student Intern
Michael J. Wishnie, ct27221
Meghan E. Brooks, ct31147
Jerome N. Frank Legal Services
Organization
Veterans Legal Services Clinic
P.O. Box 209090
New Haven, CT 06520-9090
(203) 432-4800
meghan.brooks@ylsclinics.org

**Oral argument is respectfully requested.**

## <u>INTRODUCTION</u>

Mark Stevenson filed this action to challenge the Army Board for Correction of Military Records' unlawful denial of his application for a discharge upgrade. He charges that the ABCMR discriminated against him as a person with Substance Use Disorder by refusing to apply the "liberal consideration" the Department of Defense has ordered it to afford to applications from veterans with mental health conditions. More than a month after Mr. Stevenson filed his motion for summary judgment, Defendant filed a motion for remand. Remand is not appropriate at this stage.

Instead of admitting it erred, Defendant offers three unpersuasive reasons for remand. First, Defendant claims the ABCMR needs to offer an opinion on Plaintiff's Rehabilitation Act claims in the first instance. Second, Defendant asks for an opportunity to elaborate on its unlawful policy of excluding Substance Use Disorders from liberal consideration. Finally, Defendant asks to review two reports Mr. Stevenson cited in his application but chose not to exhibit. These justifications are neither substantial nor legitimate. Remand at this late stage would not only prove fruitless, but would also further prejudice Mr. Stevenson by unreasonably delaying resolution of legal challenges this Court should decide.

Mr. Stevenson respectfully requests that this Court deny the motion for remand and allow the course of litigation, which is well underway, to continue. In the alternative, he asks that this Court (1) retain jurisdiction and allow no more than 120 days for the ABCMR to conduct its requested remand and (2) order that the ABCMR specifically consider Mr. Stevenson's non-frivolous claims under the Wilkie Memo, which it has thus far ignored.

## STATEMENT OF FACTS

### A. Mr. Stevenson receives an Other than Honorable discharge from the Army.

After enlisting in the Army as a teenager, Mark Curtis Stevenson developed Substance Use Disorder ("SUD"), which led to his Other than Honorable discharge in 1983. Certified Administrative Record, ECF No. 16, at 10, 94 [hereinafter A.R.]. Mr. Stevenson struggled with severe SUD for more than twenty years after his discharge, but his SUD has been in remission since 2003. A.R. 94-96. Since beginning his recovery, he has rebuilt his family, graduated from college, and served his community as a substance abuse counselor. A.R. 95-96.

Mr. Stevenson works closely with veterans with SUD, because he wants to make his "military service mean something" and ensure no veteran suffers like he did. A.R. 96. However, as long as his discharge status remains Other Than Honorable, Mr. Stevenson is ineligible to work as a Peer Specialist for veterans in recovery at the U.S. Department of Veterans Affairs ("VA"). Ex. A, Declaration of Mark Stevenson ¶¶ 9-11.[1] He is ineligible for most VA benefits as well. *Id.* ¶ 13. The longer his opportunity for lawful discharge upgrade adjudication is delayed, the longer he suffers stigma and adverse consequences. A.R. 47, 67, 96-97.

### B. Mr. Stevenson asks the ABCMR to upgrade his discharge status.

On April 8, 2020, Mr. Stevenson asked the Army Board for the Correction of Military Records ("ABCMR") to upgrade his discharge status from Other than Honorable to Honorable or Honorable Conditions (General). A.R. 8, 28.

When the ABCMR evaluates discharge upgrade applications, it is required to comply with binding Department of Defense policy statements, including the Kurta and Wilkie Memos.

---

[1] Mr. Stevenson submits this signed declaration solely to support his claim here that he is prejudiced by the delay Defendant has introduced with its Motion to Remand.

The Kurta Memo directs that "liberal consideration . . . be given to veterans petitioning for discharge relief when the application for relief is based in whole or in part on matters relating to mental health conditions." ECF No. 19-1, ¶ 3. Liberal consideration does not mandate a discharge upgrade. *Id.* ¶ 26(k). Rather, liberal consideration includes a series of mandatory evidentiary presumptions and a more generous standard of review. *Id.* ¶ 26(a)-26(k). When the ABCMR applies liberal consideration, "relief may be appropriate [for] . . . some significant misconduct sufficiently justified or outweighed by the facts and circumstances." *Id.* ¶ 26(k). The Wilkie Memo directs that liberal consideration be applied to upgrades sought on injustice as well as on error grounds, ECF No. 19-2, ¶ 6(h), and sets out factors for the ABCMR to consider to ensure "fundamental fairness" in discharge upgrade adjudications. ECF No. 19-2, at 1.

In his discharge upgrade application, Mr. Stevenson argued that SUD is a mental health condition meriting liberal consideration under the plain meaning of the Kurta Memo. A.R. 46-62. His brief noted that SUD is defined as a mental health condition in the American Psychiatric Association's Diagnostic and Statistical Manual of Mental Disorders. A.R. 50-51. He also argued that the racial discrimination he experienced in Germany, his contributions to his community since discharge, and the SUD treatments that would have been available to him had he served in today's military supported an upgrade under the Wilkie Memo. A.R. 58-67.

Mr. Stevenson compiled extensive evidence to support his application, including affidavits from friends, colleagues, and family members, and a detailed psychiatric report. A.R. 3, 36-67. As Defendant notes, Mr. Stevenson cited two reports (the "Military Reports") on one page of his ABCMR brief: a 1979 Army Research Institute report on contemporaneous race relations in the Army's European and African bases, and a 1979 Department of Defense ("DoD") report on the military justice system, which discussed racial discrepancies in punishment. A.R.

40 nn.43-47. Mr. Stevenson quoted from the Military Reports but did not exhibit them, since

they are hundreds of pages long.  A.R. 40 nn.43-47. The reports provided background support for

his testimony on racial discrimination, which was also corroborated by a "buddy" declaration

and an expert psychological report. A.R. 39-40, 189.

### C.  The ABCMR denies Mr. Stevenson's application; Mr. Stevenson files this action.

More than a year and a half later, the ABCMR denied Mr. Stevenson's discharge upgrade

application. A.R. 1. The Army Review Board's psychologist agreed that "[t]he evidence suggests

that applicant likely met the criteria for Alcohol Use Disorder and Opioid Use Disorder at the

time of service." A.R. 13. Yet the ABCMR refused to apply liberal consideration to Mr.

Stevenson's application, reasoning that, "neither [Alcohol Use Disorder or Opioid Use Disorder]

are a mitigating behavioral health consideration under Liberal Consideration." A.R. 13. The

Board Discussion section of the ABCMR's opinion did not address Mr. Stevenson's claims

about the racial discrimination he experienced during service. A.R. 13-14.

On April 24, 2022, Mr. Stevenson initiated this action in the District of Connecticut.

Complaint, ECF No. 1; Amended Complaint, ECF No. 19.[2] He charges that the ABCMR's

decision not to apply liberal consideration to and to deny his application (1) was arbitrary and

capricious in violation of the Administrative Procedure Act ("APA") Section 706(2)(A), Am.

Compl. ¶¶ 143-55; (2) constituted disability discrimination under the Rehabilitation Act, Am.

Compl. ¶¶ 163-74; and (3) violated his Fifth Amendment rights to due process and equal

protection, Am. Compl. ¶¶ 175-87. He also charges that the ABCMR's failure to respond to his

argument about racial discrimination was arbitrary and capricious. Am. Compl ¶¶ 158-62.

---

[2] Plaintiff notes that, while citations are to the July 2022 Amended Complaint, the substance of
his claims did not change from those of the Complaint, which was filed in April 2022.

In both his Complaint and Amended Complaint, Mr. Stevenson referenced the Military Reports he had cited in his ABCMR application. Compl. ¶¶ 65-67; Am. Compl. ¶¶ 65-67. The Complaint used nearly identical language to describe the content of the Military Reports as he used in his ABCMR application. *Compare* Compl. ¶¶ 65-67 *and* Am. Compl. ¶¶ 65-67 *with* A.R. 40.  In Defendant's answer to paragraphs 66 and 67, it stated that "Defendant is without sufficient knowledge to respond to this paragraph. The alleged report is not identified or cited by title, date, or author; it is not attached to the complaint; nor does it appear in the administrative record (*i.e.*, it does not appear that plaintiff submitted it to the ABCMR with his application)." Answer ¶¶ 66-67, ECF No. 21. Defendant did not acknowledge that Mr. Stevenson described the Military Reports and cited them fully in the brief he submitted to the ABCMR. A.R. 40.

**D. Defendant moves to remand the case.**

Under the scheduling order that the Parties agreed to and this Court entered, ECF No. 17, the deadline for Mr. Stevenson to file a motion for summary judgment was October 1, 2022, and the deadline for Defendant to respond and cross-move for summary judgment was November 1, 2022. On September 30, Mr. Stevenson filed a timely Motion for Summary Judgment. ECF No. 25. On October 28, Defendant requested extension of its next filing deadline. ECF No. 27. Defendant requested "two weeks to complete its [summary judgment] filing, and/or to move to voluntarily remand the case," ECF No. 27, at 1, which the Court granted, ECF No. 28.

On November 15, Defendant filed a Motion for Remand, ECF No. 29, but declined to oppose Mr. Stevenson's Motion for Summary Judgment or file a cross-motion for summary judgment. Defendant claims that remand will allow the agency to (1) "consider[] the application of Section 504 of the Rehabilitation Act to [discharge upgrade applications]," (2) explain why the agency does not apply liberal consideration "in cases solely involving SUD," and (3)

consider the Military Reports, which it describes as "new evidence." Mem. Supp. Def.'s Mot. Remand 9-11, ECF No. 29-1 [hereinafter "Mot. Remand"].

A week later, on November 22, Defendant filed a motion to stay the summary judgment briefing schedule. ECF No. 30. Defendant argued that the Court's order granting Defendant's extension, ECF No. 28, "implied that further briefing on summary judgment would be deferred in light of defendant's moving for voluntary remand *in lieu of* moving for summary judgment." ECF No. 30, at 4. Defendant also claimed it was unable to proceed without "further development of the administrative record." *Id.* Mr. Stevenson filed his opposition the same day. ECF No. 31.

## ARGUMENT

This Court should use its broad discretion to deny Defendant's motion because it provides no "substantial and legitimate" reason for remand at this stage. *SKF USA Inc. v. United States*, 254 F.3d 1022, 1029 (Fed. Cir. 2001). Defendant instead seeks to double down on its challenged policy, evade this Court's review of its decision, and consider evidence Mr. Stevenson chose not to submit. Mr. Stevenson's legal challenges are properly heard by this Court now; doing so will advance judicial economy and save an older veteran, who is eager to fully belong to and better serve his community, from additional months of delay.

**I.  This Court has broad discretion to deny Defendant's motion for voluntary remand.**

A voluntary remand is only appropriate if the agency raises "substantial and legitimate" concerns about its initial decision. *SKF*, 254 F.3d at 1029. This standard is not a rubber stamp. *See Rahman v. United States*, 149 Fed. Cl. 685, 690 (2020) (explaining that motions to remand "for additional consideration should not simply be granted in a perfunctory manner"). A reviewing court should only grant an opposed motion to remand when the government's reason is "persuasive." *W.G.A. v. Sessions*, 900 F.3d 957, 963 (7th Cir. 2018).

There are two scenarios where remand is "generally appropriate." *Morant v. McPherson*,
No. 3:19-cv-01791-VLB, 2020 WL 1974331, at *2 (D. Conn. Apr. 24, 2020). First, remand is
appropriate where "intervening events outside of the agency's control" affect the validity of the
agency's actions. *SKF*, 254 F.3d at 1028. For instance, courts routinely grant remands where the
agency's decision is called into question by (i) "a new legal decision or the passage of new
legislation," *id.,* or (ii) "new evidence [that] becomes available after an agency's original
decision was rendered," *Morant*, 2020 WL 1974331, at *2. Second, remand is generally
appropriate where the agency "believes that its original decision is incorrect on the merits and
wishes to change the result." *SKF*, 254 F.3d at 1029 (urging courts to grant such motions "absent
the most unusual circumstances verging on bad faith"); *see, e.g.*, *Bradley v. Stackley*, No. 3:17-
cv-00495-RNC, 2019 WL 1567838, at *2 (D. Conn. April 11, 2019) (finding that there was a
"substantial and legitimate" concern justifying remand where defendant admitted "legal error").

Otherwise, the agency must provide "substantial and legitimate" reasons for remand.
*Bradley*, 2019 WL 1567838, at *2 (citing *SKF*, 254 F.3d at 1029). The reviewing court has
"broad discretion to grant or deny" an agency's motion. *Util. Solid Waste Activities Grp. v. Env't
Prot. Agency*, 901 F.3d 414, 436 (D.C. Cir. 2018). Courts weigh the agency's reason for remand
against countervailing factors, including the timing of the motion, the effect on judicial
resources, and potential prejudice to the plaintiff. *See Keltner v. United States*, 148 Fed. Cl. 552,
566 (2020) (noting that "there is a great deal of space on the discretion continuum between
whether a remand request is 'substantial and legitimate' or is 'in bad faith or frivolous'").

## II.  There is no intervening event or confession of error justifying remand.

The present matter satisfies none of the well-established conditions for remand. Defendant
does not show that "new evidence" has emerged that raises questions about the validity of its

decision, nor does it cite any other "intervening event[] outside of the agency's control." *Morant*, 2020 WL 1974331, at *2. Defendant also has not stated that it "believes that [the ABCMR's] original decision was incorrect on the merits." *SKF*, 254 F.3d at 1028.

First, Defendant has not shown that "new evidence [has] become available after [the] agency's original decision was rendered." *Carpenters Indus. Council*, 734 F. Supp. 2d 126, 132 (D.D.C. 2010). The Military Reports, which Defendant cites as "new evidence," are not "new to the ABCMR" at all. Mot. Remand at 10-11. Both reports were cited in full in the brief Mr. Stevenson submitted to the ABCMR with his discharge upgrade application, with relevant text quoted. A.R. 40 nn.43-47. Defendant also offers to "permit plaintiff to present new evidence." Mot. Remand at 11. However, Defendant's unsolicited offer does not justify remand where neither party has identified any new evidence that the ABCMR needs to consider.

Second, Defendant has not admitted that the ABCMR's denial of Mr. Stevenson's discharge upgrade was "incorrect on the merits." *SKF*, 254 F.3d at 1028. Instead, Defendant's Motion is carefully worded to avoid admitting error. *See, e.g.*, Mot. Remand at 9 (agreeing that "[the ABCMR's] decision did not consider all the relevant factors raised in plaintiff's amended complaint and briefing," without acknowledging that the ABCMR did not properly respond to issues raised in Plaintiff's ABCMR application); *id* at 5 n.3 ("[T]he defendant disagrees that at least some of plaintiff's legal theories present cognizable claims for relief . . . ."). Rather than confess error, Defendant asks this Court to give the ABCMR the opportunity to double down, making clear that it will defend its policy of denying liberal consideration to veterans with SUD. *See id.* at 10 (noting that the ABCMR's policy is that "liberal consideration is not given in cases solely involving SUD" and asking the Court to allow the ABCMR to "explai[n] its position").

Courts are hesitant to remand without a confession of error on the merits. *See Corus Staal BV v. United States*, 387 F. Supp. 2d 1291, 1297 (Ct. Int'l Trade 2005), *aff'd*, 186 F. App'x 997 (Fed. Cir. 2006) (finding no substantial reason for remand where the agency admitted to methodological error but did not "explain [how it erred] in detail" or argue the error might impact the ultimate outcome of the case); *Lutheran Church-Missouri Synod v. FCC*, 141 F.3d 344, 349 (D.C. Cir. 1998) (denying motion for remand where "the [agency] has not confessed error").

**III.   Defendant has not raised substantial and legitimate concerns to justify remand.**

Because Defendant has not confessed error or pointed to new evidence that might change the outcome of Mr. Stevenson's case, this Court has discretion to deny Defendant's Motion to Remand. *Util. Solid Waste*, 901 F.3d at 436. Defendant has not offered any substantial and legitimate reasons for remand that weigh in favor of granting Defendant's motion at this stage. The issues Defendant argues justify remand are better resolved by this Court. *Lutheran Church-Missouri Synod*, 141 F.3d at 34 (observing that plaintiff had raised "serious and far-reaching" claims and accusing defendant of "avoid[ing] judicial review" by moving to remand). Thus, remanding and delaying judicial review of Mr. Stevenson's claims would be a frivolous exercise.

**A.   This Court should consider Mr. Stevenson's Section 504 claim in the first instance.**

In his Complaint, Mr. Stevenson alleges that the ABCMR violated Section 504 of the Rehabilitation Act when it refused to apply liberal consideration to his application because his mental health condition is SUD. Am. Compl. ¶¶ 163-74. As Defendant acknowledges, Mr. Stevenson did not raise his Section 504 claim before the ABCMR, because the ABCMR had not yet violated the Rehabilitation Act. Mot. Remand at 10. For similar reasons, Mr. Stevenson did not raise his APA or Fifth Amendment claims before the ABCMR either. Nevertheless,

Defendant now seeks remand to allow the ABCMR to "consider the application of Section 504

of the Rehabilitation Act to applications for discharge upgrades." *Id.* at 9.

Notably, Defendant does not claim that allowing the ABCMR to expound on the

meaning of the Rehabilitation Act has any chance of leading to a discharge upgrade for Mr.

Stevenson. *Id.* at 9-10. The ABCMR does not intend to reconsider its discriminatory exclusion of

veterans with SUD from liberal consideration. Therefore, Defendant asks this Court to "remand[]

without correcting the legal error apparent on the face of the petition." *Ildefonso-Candelario v.*

*Att'y Gen.*, 866 F.3d 102, 107 (3d Cir. 2017). In fact, Defendant plans to replicate its Section 504

violation on remand by refusing to apply liberal consideration to Mr. Stevenson's application.

There is no substantial and legitimate reason to delay judicial review so that an ABCMR

adjudicator can opine on Section 504 of the Rehabilitation Act. First, there is no administrative

exhaustion requirement for the claim Mr. Stevenson brings. *See Williams v. Milwaukee Health*

*Servs., Inc*., 732 F.3d 770, 770-71 (7th Cir. 2013) ("A seeker of relief under the Rehabilitation

Act against a recipient of federal money is not required to exhaust the administrative remedies

that the Act provides."); *Brown v. Bd. of Educ*., 107 F. Supp. 3d 232, 235 (D. Conn. 2015)

(same). Second, ABCMR adjudicators are not attorneys and have no expertise in the

Rehabilitation Act. Their interpretations of the Rehabilitation Act are not entitled to *Chevron*

deference.[3] *Cf. Da Silva v. Att'y Gen.*, 948 F.3d 629, 634-35 (3d Cir. 2020) (denying motion for

remand where agency's statutory interpretation received no *Chevron* deference as it "d[id] not

---

[3] Since the Army is not the primary agency responsible for administering Section 504 of the
Rehabilitation Act, its interpretations of the statute are not entitled to *Chevron* deference. *See*
*Bowen v. Am. Hosp. Ass'n*, 476 U.S. 610, 642 n.30 (1986) (observing that Department of Health
& Human Services interpretations of Section 504 of the Rehabilitation Act are not entitled to
*Chevron* deference, because twenty-seven agencies administer the statute and HHS's
interpretations are not "predicated on expertise").

implicate [the agency's] 'expertise in a meaningful way'" (citation omitted)). Nor does this Court have to decide the merits of Mr. Stevenson's Section 504 claim without the benefit of Defendant's legal position on the issue; summary judgment briefing offers that opportunity. Remanding for an ABCMR opinion on the issue only serves to create delay.

**B. Providing explanation of the ABCMR's SUD policy without reconsidering it is an insubstantial reason for remand.**

Defendant also claims it has a "substantial interest in explaining [the agency's] position on liberal consideration and SUD" on remand. Mot. Remand at 10. As Defendant emphasizes, the ABCMR denied Mr. Stevenson liberal consideration because "liberal consideration is not given in cases solely involving SUD." *Id.* The ABCMR's desire to explain its SUD policy in more detail is not a substantial reason for remand where the agency (1) refuses to change this policy on remand, (2) already had ample opportunity to explain its policy in its initial decision, and (3) has a complete administrative record.

Courts frequently deny motions for remand where an agency seeks to expand on its reasoning without changing its conclusion. In *Keltner v. United States*, for example, the court rejected the Air Force's argument that remand would allow the AFBCMR to provide "a comprehensive discussion of the reasons behind the AFBCMR's adoption of [another department's] analysis and conclusion." 148 Fed. Cl. at 564-65. The court held that the AFBCMR's desire to "expound upon its rationale for denying plaintiff's request" was not a substantial reason to remand. *Id.* Similarly, in *Tandap v. Barr*, the court found no persuasive reason for remand where the agency planned to "clarify its rationale" and address issues raised in the plaintiff's complaint but did not concede error. 825 F. App'x 391, 394 (7th Cir. 2020); *see also Dieffenbacher v. DeVos*, No. 5:17-cv-00342-VAP, 2017 WL 4786096, at *3 (C.D. Cal. June 9, 2017) (denying remand where agency planned to "take into consideration all relevant factors

11

bearing on the . . . decision," without conceding error); *Saitell Tech. USA, Inc. v. Nielsen*, No. 18-cv-01214-PAB, 2019 WL 13214047, at *2 (D. Colo. Feb. 1, 2019) (denying remand where agency planned to "clarify the reasoning for its decision,'" without conceding error).

Courts are particularly skeptical of motions for remand where the agency asks to elaborate on an issue it had ample opportunity to address in its initial decision. In *American Waterways Operators v. Wheeler*, for example, the Environmental Protection Agency ("EPA") sought a voluntary remand so that it could "consider compliance costs in making the challenged determination." 427 F. Supp. 3d 95, 98 (D.D.C. 2019). However, "the agency admit[ted] no error," even though "numerous commenters . . . [had] articulated concerns over the cost" during the notice and comment process, and the EPA "rejected those concerns." *Id.* at 98, 100. The court denied the remand, chastising the EPA for seeking "a second bite at the apple." *Id.* at 98. Similarly, in *Lyon v. United States*, the plaintiff's complaint "reproduced" an argument he had already raised before the ABCMR. 161 Fed. Cl. 88, 100 (2022). Although the court might have "expect[ed] a more thorough written explanation of the [ABCMR's] analysis" on the issue in its initial decision, the court denied the agency its requested "opportunity to clarify an issue that it previously considered," since the agency did not admit error. *Id.; see also Borrome v. Att'y Gen.*, 687 F.3d 150, 156 n.4 (3d Cir. 2012) (denying remand where agency gave "no good reason why [it] should have a second chance to consider [plaintiff's legal claim]" as it "had the opportunity to consider [it] and . . . chose not to do so"); *W.G.A.*, 900 F.3d at 963 (denying remand where agency sought to address "case law that was available when it decided [plaintiff's] appeal").

Like the agencies in *Wheeler* and *Lyon*, the ABCMR had every opportunity to explain its SUD policy: Mr. Stevenson committed twelve pages of his brief at the ABCMR to his argument that veterans with SUD are entitled to liberal consideration. A.R. 46-58. Since the ABCMR does

not intend to reconsider its SUD policy, it does not need a "second chance" to explain that policy before this Court considers the merits of Mr. Stevenson's claim. *Borrome*, 687 F.3d at 156 n.4. Nor does Defendant's offer to "reconsider its decision respecting plaintiff's application for upgrade," Mot. Remand at 11, supply a substantial reason for remand. While an agency's professed intent to reconsider an application is "necessary," it "is not always . . . sufficient" to justify a remand, particularly where the agency admits no error. *Wheeler*, 427 F. Supp. at 98-99.

This Court has the information it needs to decide whether the ABCMR's treatment of veterans with SUD is lawful. The administrative record includes the ABCMR's response to Mr. Stevenson's argument that liberal consideration must be extended to discharge upgrade applications that relate to SUD. A.R. 13 ("[N]either [Alcohol Use Disorder or Opioid Use Disorder] are a mitigating behavioral health condition under Liberal Consideration."). If this Court were to allow summary judgment briefing to proceed, nothing would prevent Defendant from defending its interpretation of the Kurta Memo — a legal argument — before this Court. *See Canonsburg Gen. Hosp. v. Burwell*, 807 F.3d 295, 304 (D.C. Cir. 2015) (holding that *SEC v. Chenery Corp.*, 318 U.S. 80 (1943) only restricts the ability of courts to consider a post hoc rationale when it involves "factual determinations or policy judgments that the agency alone is authorized to make" (citation omitted) (cleaned up)); *see also Chiquita Brands Int'l Inc. v. SEC*, 805 F.3d 289, 299 (D.C. Cir. 2015) (allowing agency attorneys to "elaborat[e]" on a legal argument the agency's decisional document stated "in a somewhat conclusory fashion").

The ABCMR is attempting to "evade judicial review" of its SUD policy. *Dieffenbacher*, 2017 WL 4786096, at *3. The ABCMR had an opportunity to offer a robust explanation for this policy in its initial decision. Mr. Stevenson should not be made to wait for the ABCMR to complete another adjudication of his discharge upgrade application without liberal consideration.

**C.  The Military Reports merely corroborate evidence of Plaintiff's own experience with racial discrimination and do not have a substantial impact on his claims.**

Finally, Defendant argues that this Court should remand so that the ABCMR can consider the Military Reports, which it characterizes as "new evidence."  Mot. Remand at 10. Yet, the relevant content of the reports is already "available to the ABCMR." *Id.* Mr. Stevenson cited and quoted from the Military Reports in his ABCMR brief to supplement his own testimony and chose not to attach the reports as exhibits.[4] Defendant does not argue that the Military Reports' inclusion as exhibits would have made a difference. *See* Mot. Remand at 10-11.

Courts sometimes grant voluntary remands when there is critical evidence the agency did not have the opportunity to review. *See, e.g.*, *Ethyl Corp v. Browner*, 989 F.2d 522, 523 (D.C. Cir. 1993) (granting motion for remand where the agency "acknowledge[d] that evidence developed since denial . . . has undermined the stated basis for denial"). In *Kennedy v. Speer*, this Court granted a voluntary remand where the agency was unable to certify the administrative record because four key documents the plaintiff had actually submitted were missing. No. 3:16-cv-02010-WWE, 2017 WL 4157527, at *1 (D. Conn. Sept. 19, 2017); *see also* Defendant's Memorandum of Points and Authorities in Support of its Motion to Dismiss or in the Alternative Motion for Voluntary Remand at 27 n.17, *Kennedy*, 2017 WL 4157527 (explaining the documents were direct evidence of the plaintiff's character and post-service rehabilitation). Here, by contrast, the reports Defendant seeks to consider are so peripheral to Mr. Stevenson's claims that he did not seek to exhibit them in his application.

---

[4] Mr. Stevenson did not include every newspaper article, report, or case he cited in his ABCMR brief as an exhibit, nor was he required to. *See, e.g.*, A.R. 36 n.6, 41 n.52, 45 nn.80-85, 46 nn.87-88, 47 n.91, 48 nn.92-94, 51 nn.111-13, 54 nn.126-132, 58 nn.159-61, 59 n.164, 60 n.166, 170, 61 n.174 (citing sources Mr. Stevenson did not include as exhibits). ABCMR adjudicators have limited time for review, so applicants exhibit only the most important documents.

Remand on this ground is neither substantial nor legitimate because the ABCMR had

before it "everything necessary to issue [its] decision in the first instance" on Mr. Stevenson's

racial discrimination claim. *Tandap*, 825 F. App'x at 394; *see* A.R. 37-40, 93, 168-69, 178, 189

(providing evidence of racial discrimination). The ABCMR chose to ignore Mr. Stevenson's

racial discrimination claims and has not guaranteed it will not do so again on remand. *See Lyon*,

161 Fed. Cl. at 100 (denying remand where agency's counsel did not provide "statements from

the Board that give an indication that the Board will actually revisit the . . . issue on remand");

*Owens & Minor Distrib., Inc. v. United States*, 154 Fed. Cl. 349, 354 (2021) (same).

**IV.  This Court should exercise its discretion to deny Defendant's Motion for Remand**

This Court should exercise its "substantial discretion" to deny Defendant's motion. *See*

*Keltner*, 148 Fed. Cl. at 563 (observing that if reasons for remand are neither "substantial and

legitimate" nor "bad faith or frivolous," but rather fall "in between those relative extremes," then

"the trial court has substantial discretion"). This Court should consider (1) the timing of

Defendant's motion to remand, *see Util. Solid Waste*, 901 F.3d at 437, (2) whether remand will

conserve significant judicial resources, *see SKF*, 254 F.3d at 1029, and (3) whether delay will

"unduly prejudice" Mr. Stevenson, *see Wheeler*, 427 F. Supp. 3d at 98. Here, Defendant seeks a

remand seven months after Mr. Stevenson filed his Complaint and does not admit the ABCMR

erred. Since further delay would unduly prejudice Mr. Stevenson without conserving significant

judicial resources, this Court should exercise its discretion to deny Defendant's motion.

**A.  Remand would compound the unnecessary and unreasonable delay the government
has created by waiting seven months to file its motion.**

This Court should deny Defendant's "last-minute" motion to remand. *Util. Solid Waste*,

901 F.3d at 420, 437 (denying motion for remand filed shortly before oral arguments); *Owens &*

*Minor*, 154 Fed. Cl. at 351, 354 (denying motion filed "mere days before the deadline to file . . .

responses to the plaintiffs' opening merits briefs" and describing timing as "suspect"); *Tandap*, 825 F. App'x at 394-95 (denying motion filed the day the government's merits brief was due, alongside motion for an extension on merits brief); *cf. Morant,* 2020 WL 1974331, at *3 (granting motion where agency "conceded . . . legal error early in the litigation, less than two months after the administrative record was filed and before any motion practice").

When Mr. Stevenson filed his Complaint on April 28, 2022, ECF No. 1, he raised each of the claims that now form the basis for Defendant's Motion for Remand, and his July 2022 Amended Complaint did not meaningfully alter them. *Compare* Am. Compl. ¶¶ 163-70 (alleging that ABCMR violated the Rehabilitation Act by discriminating against veterans with SUD) *with* Compl. ¶¶ 176-87; *compare* Am. Compl. ¶¶ 143-62 (alleging that ABCMR's refusal to apply liberal consideration and explain its departure from the DSM-5 was arbitrary and capricious); *with* Compl. ¶¶ 143-62; *and compare* Am. Compl. ¶¶ 66-67 (describing contents of the Military Reports) *with* Compl. ¶¶ 66-67. Defendant has not explained why it did not move to remand the case until nearly seven months after Mr. Stevenson filed his complaint, four months after filing the certified administrative record and a joint proposed order scheduling summary judgment briefing, and more than a month after Mr. Stevenson moved for summary judgment.[5] Mot.

---

[5] Defendant filed its motion for remand on the day its cross-motion for summary judgment and response to plaintiff's motion for summary judgment were due. ECF No. 29. A week after that deadline, Defendant moved to stay the summary judgment briefing schedule. ECF No. 30.

This is the same tactic the Air Force attempted in *Keltner v. United States*. The AFBCMR moved to remand on the day its responsive pleadings were due and simultaneously filed a motion to stay, arguing that "it had filed the 'motion for voluntary remand in lieu of a response to the complaint.'" 148 Fed. Cl. at 555 (citation omitted). The court denied the Air Force's motion to remand and wrote that it was "skeptical of the government's motion [to stay] and whether it complies with this Court's rules." *Id.* at 555 n.3. The court wrote that "[the Court of Federal Claims' analogue to Federal Rules of Civil Procedure] 12 and 56, by their plain language, do not appear to permit the government's moving for a voluntary remand . . . in lieu of filing a responsive pleading," and in "other cases where the government has moved for voluntary

Remand at 11-12 (arguing that Defendant filed the Motion for Remand "promptly" without addressing why it took until November to "realize[] the omissions" it points to).

If Defendant had cross-moved for summary judgment and responded to Mr. Stevenson's motion as scheduled, ECF No. 17, this case would have been fully briefed by January 1. Instead, litigation has stalled due to Defendant's detour. *See Owens & Minor*, 154 Fed. Cl. at 351, 354 (denying motion for remand and observing that "the United States actions appear to be calculated to disadvantage the plaintiffs and to garner indefinite delay prior to its own merit responses").

### A. Granting Defendant's motion will not conserve judicial resources.

Where agencies admit that they have erred, it is often more efficient to remand to allow the agency to "cure [its] own mistakes rather than wasting the courts' and the parties' resources reviewing a record that both sides acknowledge to be incorrect or incomplete.'" *Bradley,* 2019 WL 1567838, at *3 (quoting *Ethyl Corp.*, 989 F.2d at 524). By contrast, remand is not "more efficient" when an agency gives "no assurance that [it] will . . . address the errors identified." *Tandap*, 825 F. App'x at 395; *see also W.G.A.*, 900 F.3d at 963 ("In some cases where we have accommodated [requests for remand without confessions of error], we have been disappointed."). Nor does remand save judicial resources when the agency waits to seek remand until the court is ready to consider the merits of the case.

Defendant has explicitly stated that the ABCMR will not apply liberal consideration to Mr. Stevenson's application on remand. *See* discussion *supra* Section II. Defendant is therefore seeking to remand without resolving the legal issue that forms the primary basis for Mr. Stevenson's APA, Rehabilitation Act, and Fifth Amendment claims: the ABCMR's failure to

---

remand, . . . [it] often submits motions for voluntary remand along with, or after, filing a responsive pleading or motion." *Id.*

apply liberal consideration to applications from veterans with SUD. *Compare Util. Solid Waste*, 901 F.3d at 436-37 (denying motion to remand where plaintiff's "claim involve[d] a question . . . that [was] intertwined with any exercise of agency discretion going forward") *with Clark v. Perdue*, No. 19-cv-00394-JEB, 2019 WL 2476614, at *2 (D.D.C. June 13, 2019) (granting motion to remand where defendant agreed to fix procedural issues plaintiff raised).

      None of Defendant's reasons for remand are likely to lead to a discharge upgrade. Defendant does not argue that attaching the Military Reports as exhibits will make a difference in the outcome on remand. Mot. Remand at 10-11. Defendant also asks for an opportunity for the ABCMR to consider Mr. Stevenson's Rehabilitation Act claim but seeks to re-apply the SUD policy that violates Section 504. *Id.* at 10. Defendant's requested remand would likely return Mr. Stevenson's legal challenges to the courts in six months, wasting judicial time and resources, given that Mr. Stevenson's Motion for Summary Judgment on these issues is ripe for review.

      By contrast, if this Court proceeds with the merits now, even if it ultimately remands, it will have a full opportunity to "direct[] the board to errors it should avoid on remand" and "substantiate specific instructions to the Board." *Tandap*, 825 F. App'x at 394-95; *see also* Mem. Law Supp. Pl.'s Mot. Summ. J. 39-40, ECF No. 25-1 (arguing this Court should instruct the ABCMR to apply liberal consideration on remand and providing examples of Second Circuit courts that have given similar instructions). Indeed, when "an administrative agency has made an error of law, the duty of the Court is to correct the error" before remanding. *Vogel v. Colvin*, No. 3:13- CV-01415-JAM, 2016 WL 1179269, at *1 (D. Conn. Mar. 28, 2016).

### B. Granting the Motion for Remand would cause undue prejudice to Mr. Stevenson.

      "When an agency requests remand to 'reconsider its previous position' and 'there are no intervening events,' the court must 'consider whether remand would unduly prejudice the non-

moving party.'" *Wheeler*, 427 F. Supp. 3d at 99. Mr. Stevenson has been waiting for a discharge

upgrade for more than two and a half years, including seven months where the Agency had the

information necessary to file its Motion for Remand but did not do so. Defendant has failed to

identify anything it will do differently on remand that might lead to a discharge upgrade for Mr.

Stevenson. *See Keltner*, 148 Fed. Cl. at 566 ("Requiring [the plaintiff] to wait an additional six

months for the AFBCMR to issue another decision reaching the exact same result on the claims

that he originally brought . . . is neither proper nor just.").

Every day that the ABCMR delays in granting Mr. Stevenson's discharge upgrade, he

experiences the stigma of exclusion from the community of veterans. Ex. A ¶¶ 14. His discharge

status means he is ineligible for Peer Specialist or Counselor jobs at the VA that would allow

him to pursue his "passion and life's mission" of helping fellow veterans with SUD recover. Ex.

A ¶¶ 9-10. Mr. Stevenson is "entitled to have his claims heard on the merits by this Court

without the governments' interposing any further delay." *Keltner*, 148 Fed. Cl. at 568.

**V.   In the alternative, Mr. Stevenson asks that conditions attach to the remand.**

District courts have "broad equitable powers" to order "any appropriate relief" not

prohibited by Congress. *Cobell v. Norton*, 240 F.3d 1081, 1108 (D.C. Cir. 2001). If this Court

grants Defendant's motion, Mr. Stevenson requests that it (1) retain jurisdiction and order a

remand of no more than 120 days, and (2) order the ABCMR to consider Mr. Stevenson's non-

frivolous claims under the Wilkie Memo. These conditions would resolve one of the claims in

this case, mitigate prejudice to Mr. Stevenson by reducing delay, and promote judicial economy.

**A.  The ABCMR needs no more than 120 days to complete remand.**

First, Mr. Stevenson asks this Court to impose time limits on remand to minimize

prejudice to Mr. Stevenson by reducing delay. Mr. Stevenson would need no more than 30 days

to submit materials, and the ABCMR should need no more than 90 days from receipt to issue a

decision. This Court has the power to impose time limits on remand to an administrative tribunal.

*See Zambrana v. Califano*, 651 F.2d 842, 844 (2d Cir. 1981) ("The remanding court . . . may

when appropriate set a time limit for action by the administrative tribunal, and this is often

done."). The Second Circuit has ordered time limits on remand substantially more demanding

than that requested here. *See, e.g.*, *Ucelo-Gomez v. Gonzales*, 464 F.3d 163, 172 (2d Cir. 2006)

(expressing concerns over undue delays and ordering the agency "to issue its responsive opinion

[to the limited remand] within 49 days"); *McBridge v. Smith*, 405 F.2d 1057, 1061 (2d Cir. 1968)

(remanding and giving Coast Guard 60 days to render a decision).

**B. This Court may resolve Mr. Stevenson's claim that the ABCMR ignored his non-frivolous arguments by ordering consideration under the Wilkie Memo.**

Second, Mr. Stevenson asks this Court to instruct the ABCMR to explicitly address

whether Mr. Stevenson meets the criteria for equitable relief under the Wilkie Memo given the

racial discrimination, terrorist threats, and culture of rampant substance use he experienced in the

Army, which contributed to his alcohol and drug use. *See* Mem. Law Supp. Pl.'s Mot. Summ. J.

22-25, ECF No. 25-1. Addressing this legal and factual basis for upgrade on remand would

increase the likelihood that a discharge upgrade results and would likely resolve Mr. Stevenson's

claim that the ABCMR arbitrarily and capriciously refused to address non-frivolous arguments

he made under the Wilkie Memo. Instructing an agency to consider specific issues upon remand

is a well-established form of relief. *See, e.g., Rivera v. Berryhill*, 2018 WL 2088009, at *2 (D.

Conn. May 4, 2018) (remanding to an agency with instructions for the agency to reconsider

specific issues, including "the weight given [to] the assessments of [several experts] and an

analysis of [various statutory factors]"); *Smith v. Barnhart*, 406 F. Supp. 2d 209 (D. Conn. 2005)

(granting limited remand over objection "solely" so agency could address a particular factual

question). Instructing the ABCMR to consider Mr. Stevenson's claim under the Wilkie Memo on a first remand would promote judicial economy and reduce further delay.

### C. This Court should retain jurisdiction on remand.

Third, Mr. Stevenson asks that this Court retain jurisdiction over his claim during remand because Defendant has already explicitly stated that it intends to double down on its SUD policy, which lies at the heart of the above-captioned suit.[6] In all likelihood, remand at this stage will not resolve Mr. Stevenson's legal challenges. Federal courts regularly retain jurisdiction in the pendency of pre-merits remands to the agency; the Second Circuit is no exception. See, e.g., *Ucelo-Gomez*, 464 F.3d at 172 (retaining jurisdiction on remand to the Board of Immigration Appeals); *Lin v. U.S. Dep't of Justice*, 416 F.3d 184, 192 (2d Cir. 2005) (same).[7] By retaining jurisdiction, this Court would promote judicial economy and minimize further delay, significantly reducing prejudice to Mr. Stevenson.

***

For the foregoing reasons, Mr. Stevenson respectfully asks that this Court deny Defendant's Motion to Remand and instead proceed by considering his Motion for Summary Judgment, or in the alternative, protect Mr. Stevenson's opportunity for timely judicial review by retaining jurisdiction over a remand limited by the above-requested conditions.

---

[6] This Court could also hold Mr. Stevenson's Rehabilitation Act claim in abeyance and order a partial remand for the ABCMR to otherwise proceed as it requests. *See, e.g., Am. Fed'n of Tchrs. v. Cardona*, No. 20-cv-00455 (EJD), 2022 WL 1471388, at *5 (N.D. Cal. May 10, 2022) (granting in part agency's motion for voluntary remand, and "retain[ing] jurisdiction over the case, so if the [government's action] does not otherwise resolve Plaintiffs' claims, Plaintiffs would be able to request the abeyance be lifted and pick up the litigation where they left off").

[7] Note that Board of Immigration Appeal decisions go up to the circuit courts on direct review, so the circuit courts in this context are the equivalent of district courts in the ABCMR context.